QUESTION: Should the salary of county officers whose salary is determined under Ch. 145, F.S., be determined on the basis of the latest annual determination of population produced by the Department of Administration in calculating the amount of qualifying fees under s. 99.092, F.S.?
SUMMARY: In sum: The "annual salary" for the fiscal year 19741975 of a county office for the purpose of computing the qualification fee and committee assessment is the statutory salary prescribed by Ch. 145, F.S., for that office for the fiscal year beginning October 1, 1974 — that is, the base rate plus the population increment (increase or decrease) based on the Department of Administration's annual determination of population — before it is "adjusted" to reflect any change in the cost-of-living index from the preceding 1973-1974 fiscal year. This method of computation should be applied to all county offices whose compensation is fixed by Ch. 145, even though a particular office may be subject to the 20 percent limitation on salary increases mandated by subsection 145.18(2). The computation of the annual salary should also take into consideration the special qualification salary provided by s. 145.10(2), where applicable. Your question as stated is answered in the affirmative. Section99.092(1), F.S., requires a candidate for nomination for office to pay a filing fee and a committee assessment, both of which are a percentage "of the annual salary of the office." Chapter 145, F. S., establishes the salaries of specified county officers on the basis of each county's population (a base salary plus a "population increment") and provides in s. 145.021(1) that the term "population" means "the population according to the latest annual determination of population of local governments produced by the department of administration in accordance with s. 23.019." And s. 23.019, F.S., provides, in pertinent part: (1) The population of local governments shall be determined by the department of administration. For fiscal year 1972-73, the population statistics published by the United States Bureau of the Census for the 1970 decennial census shall be used. Beginning with the next fiscal year, the department of administration shall, either through its own resources or by contract, produce up-dated population estimates utilizing accepted statistical practices. When the salary of an office may vary from year to year, it is necessary to estimate the "annual salary" of the office for the purpose of calculating the amount of the filing fee and committee assessment provided for by s. 99.092(1), F.S. Thus, as to county "fee officers," it was ruled that the best estimate of the "financial possibilities" of the office for this purpose was the net office receipts for the year preceding the election year (see AGO 052-9, Biennial Report of the Attorney General, 1951-1952, p. 125). More recently, I concluded that, with respect to officers compensated under the prior provisions of s. 145.121(2)(c), F.S., the annual salary fixed by the statute provides "the best measure of the financial possibilities of the office." See AGO 072-217 in which I held in summary that the filing fee of a candidate for election or reelection to a county office whose annual salary is fixed by statute must be based on the salary set by the statute, even though an official's income under paragraph 145.121(2)(c) might be more or less than the statutory salary in any given year of his term. It is my view that the conclusion in AGO 072-217 is equally applicable to the salaries established under the present provisions of Ch. 145, F.S. I am advised by the Department of Administration that the "latest annual determination of population" — which is the determination to be used as the basis for computing the salaries of county officials for the ensuing fiscal year beginning October 1 — will be available, at the latest, during February of each year. I am further advised that the population figures which will be used as the basis for fixing the salaries of county officials beginning October 1, 1974, have already been mailed to the various counties. Under these circumstances it would appear that, for the purpose of computing the filing fee and committee assessment, the best estimate of future salary which can be obtained without resort to speculation would be to calculate the annual salary of the offices in question on the basis of the latest annual determination of population by the Department of Administration — which are the population figures upon which salaries for the next fiscal year will be based — even though those county officials who are limited to a 20 percent salary increase in any one fiscal year will not receive the full amount of the salary prescribed by law during the first (and, possibly, the second) year of their term of office. In making the foregoing calculations, the provisions of s. 145.10(2), F.S., must also be taken into account. This section of the statute provides, in pertinent part, with respect to salaries of tax assessors: (2) Special qualification salary shall be an additional two thousand dollars per year to each assessor who has met the requirements of the department of revenue and has been designated a certified Florida Assessor. Therefore, in calculating the amount of the filing fee and committee assessment of a candidate for the office of tax assessor, this special qualification salary should be included as part of the estimate of annual salary with respect to all candidates who would be eligible to receive it, if successful in their bid for election. In reaching the foregoing conclusions, I have not overlooked the provisions of s. 145.18(1), F.S., requiring an annual adjustment to salaries established under Ch. 145, F.S., on the basis of the change in the cost-of-living index during the preceding fiscal year, beginning October 1, 1974. I have some doubt as to whether such adjustment should be considered in calculating the estimate of future annual salary for purposes of determining the amount of the filing fee and party assessment. In any event, the present salaries do not include a cost-of-living factor; and the factor to be applied to salaries during the fiscal year commencing October 1, 1974, is not capable of calculation until sometime during the month of August, after the close of the qualifying period. Accordingly, the application of the cost-of-living factor need not be decided at this time; and perhaps the matter will be resolved by legislative or judicial clarification prior to the general elections in 1976.